## Drace's Estate

*W. Hensel Brown*, for exceptants.
*Austin E. McCollough, Jr.*, contra.

CHARLES, P. J., October 13, 1938.—Amanda Drace died July 28, 1937, testate, seized of certain real estate situated in Maytown, Lancaster County, Pa. After her death, this real estate was sold by her executors. In due course, an account was filed by them and at the audit of this account the Commonwealth of Pennsylvania, Department of Public Assistance, presented a claim against the estate for old-age assistance payments from December 1934 to June 1937, amounting to $538. The claim was allowed and in an adjudication filed June 2, 1938, the accountants were directed to pay the same.

The present exceptions, filed by the accountants, who are the children of decedent and the beneficiaries under her will, question the right of the Commonwealth to recover from the decedent's estate payments on account of old-age assistance made prior to the enactment of the Old Age Assistance Law of June 25, 1936, P. L. 28, contending that such prior assistance was paid to decedent under the provisions of the Act of January 18, 1934, P. L. 282, which contained no provision making the property of the beneficiary liable for the assistance received under that act.

It is admitted that decedent received old-age assistance in the sum of $239 prior to the passage of the Old Age Assistance Law, supra, and the further sum of $299 prior to the passage of the Public Assistance Law of June 24, 1937, P. L. 2051. Although the Public Assistance Law, supra, repealed the Old Age Assistance Law, section 16 of the Act of 1937 provides:

"The provisions of this act shall not affect any act done, liability incurred, or right accrued or vested, or affect any suit pending, or to be instituted to enforce any right or penalty or punish any offense under the authority of such repealed laws."

Section 15 of the Old Age Assistance Law provided: "The real and personal property of any beneficiary shall be liable for the repayment of assistance received under

this act, *or the act repealed by this act,* whether such property was owned at the time such assistance was granted or acquired thereafter. Claims for assistance furnished shall have the same force and effect against the real and personal property of a deceased beneficiary, as other debts of a decedent, and shall be recoverable in the same manner." (Italics supplied.) Section 25 provided:

"Repeal.—The act, approved the eighteenth day of January, one thousand nine hundred and thirty-four (Pamphlet Laws, two hundred and eighty-two, one thousand nine hundred and thirty-three—one thousand nine hundred and thirty-four), entitled . . . is hereby repealed."

The 1936 act, therefore, contains a clear provision for the recovery by the Commonwealth of the assistance granted a beneficiary under not only that act but also under the earlier act.

Counsel for exceptants argued that the Act of 1936, sec. 24, provided that this act shall become effective immediately upon final enactment "and shall be retroactive to the first day of June, one thousand nine hundred and thirty-six", and that payments made prior to June 1, 1936, therefore, are not covered by the act. However, the language used by the legislature in section 15 of the act is so clear, precise, and unambiguous that there can be no doubt of the meaning and intent thereof, whatever may have been intended by section 24 of said act.

The court knows of no instance where the provisions of this act came before the appellate courts for judicial determination. Our attention has been called by counsel for the Commonwealth to the Estate of Elizabeth K. Ritchie, Orphans' Court of Montgomery County, April term, 1938, no. 35, not yet reported, and which we have not verified, where, under very similar statement of facts, the claim of the Commonwealth was allowed as a valid claim.

The exceptions are dismissed, and the adjudication is confirmed absolutely.